WK:MEB
F. #2009R02175

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | Cr. No. 19-242 (ARR) |
| SHAZAM HUSAIN, | (T. 18, U.S.C., §§ 371, 982(a)(2), 982(b)(1) and 3551 et seq.; T. 21, U.S.C., § 853(p)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I. The Defendant and Relevant Entities

1. The defendant SHAZAM HUSAIN owned and operated Novelty Realty, Inc. ("Novelty"), a company that was in the residential real estate business. In addition, HUSAIN owned and operated a title agency, Atlantic Abstract & Settlement LLC ("Atlantic"). Both Novelty and Atlantic were operated from an office located in Queens, New York.

2. Countrywide Bank, FSB ("Countrywide"), was a bank the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). Countrywide was also a mortgage lender doing business in several states, including in New York.

3. Wells Fargo Bank, N.A. ("Wells Fargo"), was a bank the deposits of which were insured by the FDIC. Wells Fargo was also a mortgage lender doing business in several states, including in New York.

4. The United States Department of Housing and Urban Development ("HUD") was a department of the Executive branch of the federal government. The mission of HUD was to aid individuals and communities in the development and purchase of affordable housing.

5. The Federal Housing Administration ("FHA") was an agency of HUD. Among other services, FHA guaranteed the repayment of mortgage loans to FHA-approved lending institutions should a borrower default on his or her loan. To qualify for an FHA-insured loan, a borrower was required, among other things, to reside in the property for which the mortgage was obtained.

6. The HUD-1 Settlement Statement form ("HUD-1 Form") was a standard HUD form used to itemize services and fees charged to a borrower by a lender when the borrower applied for a loan to purchase or refinance real estate. The borrower had the right to inspect the HUD-1 Form prior to the day of settlement. The HUD-1 Form was filled out by the settlement agent, and was submitted to the lender.

II.    The Loan Theft Scheme

7. From approximately January 2007 to July 2008, the defendant SHAZAM HUSAIN, together with others, conspired to steal and purloin funds from banking institutions by making fraudulent representations, including from Countrywide and Wells Fargo (collectively, the "Lending Institutions"). Specifically, HUSAIN and others submitted and caused to be submitted to the Lending Institutions, through interstate wires,

mortgage loan applications (the "Applications") and HUD-1 Forms that contained material misrepresentations and omissions in connection with the purchase of residential properties located within the Eastern District of New York (the "Properties").

8. As part of the scheme, the defendant SHAZAM HUSAIN, acting as a settlement agent, together with others, submitted and caused to be submitted in the Applications false information about the assets and income of persons they had recruited to be the purported purchasers of the Properties (the "Straw Purchasers"). For example, the Applications contained false, inflated income and bank account balances for the Straw Purchasers and often stated that the Straw Purchasers intended to live at the Properties. In reality, the Straw Purchasers had insufficient income and assets to qualify for mortgage loans and had no intention to live at the Properties.

9. To fraudulently induce the Lending Institutions to approve mortgage loans for borrowers to purchase the Properties at prices that exceeded the actual values of the Properties, the defendant SHAZAM HUSAIN and others submitted and caused to be submitted Applications for the Properties to the Lending Institutions that contained falsely inflated appraisal values that exceeded the actual values of the Properties.

10. As a condition for issuing the mortgage loans, the Lending Institutions required the Straw Purchasers to make down payments at or before closing in connection with the purchases of the Properties. Despite this requirement, the Straw Purchasers often did not make any such payments. To conceal this fact from the Lending Institutions, the defendant SHAZAM HUSAIN and others falsified HUD-1 Forms to make it appear as if the Straw Purchasers had in fact made payments in connection with the purchase of the

Properties. HUSAIN submitted and caused to be submitted these falsified HUD-1 Forms to the Lending Institutions at or around the time of the closings on the sales of the Properties.

11. Based on the above-referenced material misrepresentations and omissions, the Lending Institutions approved the Applications for the Properties and disbursed mortgage loan proceeds in connection with the purchase of the Properties.

12. Following the Lending Institutions' disbursement of funds for use in connection with the purchase of the Properties, the defendant SHAZAM HUSAIN, acting as the settlement agent, together with others, misappropriated, converted and stole these funds to make payments to himself and his co-conspirators for purposes unrelated to the purchase of the Properties.

## CONSPIRACY TO COMMIT BANK THEFT

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if set forth fully in this paragraph.

14. In or about and between 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SHAZAM HUSAIN, together with others, did knowingly and willfully conspire to receive, possess, conceal, store, barter, sell and dispose of property and money and other things of value, to wit: mortgage loan funds exceeding $1,000 which had been taken and carried away, with the intent to steal and purloin from the care, custody, control, management and possession of one or more banks, to wit: Countrywide Bank, FSB and Wells Fargo Bank, N.A., the deposits of which were insured by the Federal Deposit Insurance Corporation at the time of such taking and carrying away, knowing said money had been stolen, contrary to Title 18, United States Code, Section 2113(c).

15. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant SHAZAM HUSAIN, together with others, did commit and cause to be committed, among others, the following:

### OVERT ACTS

(a) On or about March 3, 2008, the defendant received approximately $480,641.33 from Countrywide in connection with a property located at 198-20 118th Street, St. Albans, New York.

(b) On or about July 16, 2008, the defendant received approximately $399,518.12 from Wells Fargo in connection with a property located at 142 Cochran Place, Valley Stream, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

16. The United States hereby gives notice to the defendant that, upon his conviction of the charged offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

*Richard P. Donoghue*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2009R02175

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*SHAZAM HUSAIN,*

Defendant.

# INFORMATION

(T. 18, U.S.C. 371, 982(a)(2), 982(b)(1) and 3551 et seq.)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

*Mark E. Bini, Assistant U.S. Attorney (718) 254-8761*